# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 1431 | DATE | Oct. 25, 2002 |
| CASE TITLE | Gloria Davis v Panasonic Co. USA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

**Memorandum opinion and order entered. Accordingly, defendant's motion to dismiss is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 2 8 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GLORIA DAVIS, )
)
    Plaintiff, )
) No.   02 C 1431
v. )
) Judge Robert W. Gettleman
PANASONIC COMPANY USA, a division of )
Matsushita Electric Corp. or America, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Gloria Davis has sued her former employer, Panasonic Company USA, alleging that her employment was terminated in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Defendant has moved to dismiss the complaint as time-barred, arguing that plaintiff did not file suit within 90 days of receipt of the Equal Employment Opportunity Commission's ("EEOC") Notice of Right to Sue Letter. See 42 U.S.C. § 2000e-5(f)(1); Osborn v. E.J. Brach, Inc., 864 F. Supp. 56, 58 (1994). For the reasons set forth below, the motion is denied.

### Background

Plaintiff filed a charge with the EEOC on July 23, 2001, alleging disability discrimination. On September 3, 2001, Suzanne de Rath, plaintiff's attorney, informed the EEOC by letter that she was representing plaintiff and that all correspondence should be forwarded to her. Plaintiff called the EEOC and orally told them to correspond with de Rath rather than with plaintiff.

On October 19, 2001, the EEOC, pursuant to direction, sent de Rath by certified mail a Dismissal and Notice of Rights letter (the "Right to Sue Letter"). That letter was returned to the

EEOC unclaimed. On November 27, 2001, the EEOC again sent a Right to Sue Letter to de Rath, this time by regular mail. De Rath has told plaintiff that she never received either letter. In January 2002, plaintiff, who had not heard from her attorney (or from Scott Clark, another attorney who had called to tell plaintiff that he would be working her file), called the EEOC investigator. The investigator told plaintiff that a Right to Sue Letter had been sent in October 2001. Plaintiff asked for a copy.

Plaintiff then contacted de Rath, who told her that she had not received any correspondence from the EEOC and that Clark was handling the case. Plaintiff called Clark to complain and was informed that he had too had received no correspondence from the EEOC, but that he could no longer handle her case because he had been disbarred.

On February 15, 2002, plaintiff received from the EEOC copies of the two notices sent to de Rath. Twelve days later on February 27, 2002, plaintiff filed the instant suit pro se.

## Discussion

Defendant has moved to dismiss the complaint as untimely pursuant to 42 U.S.C. § 2000e-5(f)(1) and 42 U.S.C. § 12117(a), which require a plaintiff to bring suit within 90 days of receipt of a Right to Sue Letter from the EEOC. The 90 day period commences when a plaintiff receives "actual notice" of the right to sue. Houston v. Sidley & Austin, 185 F.3d 837, 839 (7th Cir. 1994). A plaintiff receives actual notice on the date when she, or her attorney, obtains physical possession of the Right to Sue Letter. Jones v. Madison Service Corp., 744 F.2d 1309, 1312 (7th Cir. 1984). Because it is undisputed that neither plaintiff nor her attorney actually received the October 19, 2001, letter, defendant cannot rely on actual notice to start the 90 day clock. Instead, defendant relies on what it terms a "presumptive notice" rule, arguing that the clock is presumed to begin ticking five

2

days after notice is sent in cases where the plaintiff's failure to receive actual notice of her right to sue is due to her own fault. This so-called "presumptive notice" rule apparently comes from the Seventh Circuit's opinion in St. Louis v. Alverno College, 744 F.2d 1314 (7th Cir. 1984), in which the court held that the 90 day time limit began on the date that the Right to Sue Notice was delivered to the most recent address the plaintiff had provided to the EEOC, even though the plaintiff had moved without notifying the EEOC. Because the delay in actual receipt of the notice was purely the plaintiff's fault, the court concluded that the plaintiff had "constructive notice" as of the first mailing. Notably, the court distinguished those cases in which the plaintiff's receipt of the notice was delayed through the fault of others such as the plaintiff's wife or nephew. Id. at 1316.

In Jones, decided the same day as Alverno College, the court held that actual notice to the plaintiff's attorney constitutes notice to the plaintiff. Jones, 744 F.2d at 1319. Finally, in Houston, 185 F.3d at 838, the court held that so long as the plaintiff picks up the Right to Sue Letter in the time permitted by the Post Office, actual notice applies. In reaching its conclusion, the Houston court noted that in situations such as Alverno College, where the plaintiff fails to pick up the letter before the post office returns it to the EEOC, it is the plaintiff's burden to establish that it was not her fault for not having received the letter sooner. Id. at 839 n.5.[1]

---

[1] It is not clear to the court where defendant gets the concept of "presumptive notice," where the clock starts ticking five days after notice is sent. The case defendant relies on, Ungeran v. Commonwealth Edison, 2001 WL 1035181 (N.D. Ill. 2001), in turn relied on the Loyd v. Sullivan, 882 F.2d 218 (7th Cir. 1989). Loyd, however, involved judicial review of a decision by the Secretary of Health and Human Services, and the notice to the claimant specifically stated that unless proven otherwise, "receipt date is presumed to be five days from the mailing date." Defendant has cited no other cases in which this five day presumptive notice rule has been applied.

3

The issue then, under <u>Alverno College</u>, is whether plaintiff is at fault for not receiving actual notice earlier than February 15, 2002, when she received the copy sent to her by the EEOC. The court concludes that plaintiff has carried her burden of establishing a lack of fault. It is clear that plaintiff herself never received any notification of the October 19, or November 27, Right to Sue Letters. Both letters were sent only to plaintiff's attorney, de Rath. Neither letter was actually delivered to de Rath, who apparently by that time had abandoned her representation to the soon-to-be disbarred Clark. It is true, as defendant asserts, that in <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89 (1990), the Supreme Court held that receipt of the Right to Sue Letter by the plaintiff's attorney was sufficient to start the running of the time limit, and that receipt by the attorney's office constitutes receipt by the attorney. Unlike in <u>Irwin</u>, however, neither plaintiff's attorney, nor her office, ever received the notice.

As the Seventh Circuit has stated, the "most crucial concept in this matter . . . is the actual knowledge that the time period in which a suit can be filed has commenced. Such knowledge is conveyed equally well through personal receipt of [the letter] by the claimant and through receipt of that letter by the attorney representing him in that action." <u>Jones</u>, 744 F.2d at 1313. <u>Jones</u> therefore held that the 90 day period commences when the attorney receives the letter so long as the following factors are undisputed:

    1) the attorney did in fact represent the claimant at the time the letter was received;
    2) the EEOC was notified of that representation by either the claimant or the attorney;
    3) the attorney did in fact receive the letter; and
    4) the date on which the letter was received.

4

Id. at 1314. When any of these facts are in dispute, an evidentiary hearing is required to determine when the claimant or someone authorized to act on her behalf first received actual notice that the Right to Sue Letter had been issued. Id.

In the instant case it is undisputed that de Rath did not actually receive the notices. Many courts have held that the attorney must take reasonable steps to ensure notice is received, and that an attorney's neglect in failing to have an employee present during her absence who knew the importance of incoming documents could not toll the limitations period, for to do so "would be to effectively eviscerate the 90 day notice rule and replace it with one that excuses counsel's negligence." See Newson v. American National Can Company, 2001 WL 1555200 at *5 (N.D. Ill. 2001) (quoting Davis-Gilbert v. Alberto-Culver Co., 1988 WL 121504 at *1 (N.D. Ill. 1988)). Nonetheless, in the instant case, no evidence has been proffered that de Rath was negligent. More importantly, the EEOC violated its own regulation by not sending copies of the notices to plaintiff. 29 C.F.R. § 1614(d) (1999) provides:

> Unless the complainant states otherwise in writing, after the agency has received written notice of the name, address and telephone number of a representative for the complainant, all official correspondence shall be with the representative with copies to the complainant. <u>When the complainant designates an attorney as representative, service of all official correspondence shall be made on the attorney and the complainant</u>, but time frames for receipt of material shall be computed from the time of receipt by the attorney. (Emphasis added)

It is clear from plaintiff's actions that, had she been aware of the notices, she would have acted to file her suit in a timely manner. This is not a case where plaintiff herself has acted with neglect, but rather has actively attempted to pursue litigation. Under the circumstances of this case, where plaintiff's attorney did not receive the original notice and then, unaware of the notice, told plaintiff that no notice had been issued, and where the EEOC failed to send plaintiff copies of the

notices issued, the court concludes that plaintiff has demonstrated more than excusable neglect and that equitable tolling is appropriate. Accordingly, defendant's motion to dismiss is denied.

## Conclusion

For the reasons set forth above defendant's motion to dismiss is denied.

**ENTER: October 25, 2002**

Robert W. Gettleman
United States District Judge